Castle v. Terry and Buchanan.

FRED F. CASTLE, Respondent, v. W. R. TERRY and J. H. BUCHANAN, Sheriff of Callaway County, Appellants.

Kansas City Court of Appeals, January 30, 1911.

1. **EXECUTION: Motion to Quash: Equity Jurisdiction.** Where, on appeal from a judgment sustaining a motion to quash an execution, the proceeding, although thus denominated, is in fact a bill in equity, in such cases if the preponderance of the evidence is overwhelming against the findings of the trial judge, the judgment will be reversed.

2. ———: ———. Where defendant paid a materialman, taking an assignment of his judgment against defendant-contractors, and issued execution thereon, held that the evidence did not show an agreement, as contended by defendants, by which plaintiff was to pay materialman's demand *in full* in consideration of being released by defendant-contractors from their claim for a balance due on the contract for the erection of the building.

Appeal from Callaway Circuit Court.—*Hon. N. D. Thurmond,* Judge.

REVERSED.

*Harris & Hay* for appellants.

*J. R. Baker* and *J. W. Tincher* for respondent.

BROADDUS, P. J.—This is an appeal from a judgment of the circuit court sustaining a motion to quash an execution.

It is alleged in the motion that in the latter part of the year 1906, the respondent and his partner, C. B. Herring, contracted to erect for the appellant a certain building in the city of Fulton; that after beginning the work of erection the original plans for its construction were changed, at the instance of appellant, which increased the amount of work and material necessary for its completion; that there arose a dispute between the parties as to the amount appellant owed for the additional work; that while said dispute was pending, the La Crosse Lumber Company instituted a suit against respondent Castle and his partner for a claim for material which had been used by them in the said building; that while it was pending and on the day the case was set for trial, appellant Terry, M. F. Bell, the architect for the construction of the building, and David H. Harris, the agent and attorney for the Lumber Company, and respondent, met together in the office of the said Harris where they went from the justice court room, and an agreement was entered into in reference to said demand of the Lumber Company and other matters of dispute; that it was agreed that appellant Terry should pay the said lumber bill in full settlement of all demands made by respondent and his partner; that appellant should pay the claim of J. W. Cook for hardware used in the building; and that the Lumber Company would accept appellant Terry for this debt and dismiss the said suit.

There are further allegations in the motion, to the effect that Terry did pay the said bill for lumber,

but that he and the Lumber Company conspired to-
gether to violate the terms of said agreement; that
the suit was not dismissed but continued until the
next day, on which judgment was rendered against
respondent and partner for the sum of $140.06; that
afterwards appellant Terry procured an assignment of
said judgment to himself and had it certified to the
office of the circuit clerk of the county, and caused the
execution in controversy to be issued and placed in
the hands of the sheriff.

Appellant denied that it was agreed between the
plaintiff in the motion and his partner, on the one
part, and himself and Harris, the agent of the La
Crosse Lumber Company, that appellant Terry should
pay to the said Lumber Company its bill in full in con-
sideration of all demands made by respondent and his
partner against the said Terry for the erection of said
building, and that the said Lumber Company would
accept him as the debtor for the claim sued on and
would dismiss the suit.

The evidence disclosed that the contract between
appellant Terry and respondent Castle and his partner
Herring was that they were to erect the house mention-
ed for the consideration price of $1800, but that during
the course of its construction some changes were made
at the request of Terry which increased its cost. Ter-
ry and respondent Castle and his partner disagreed
as to the amount of this additional cost which was
then arbitrated by the architect Bell, who fixed the
amount at $282.80, which raised the total cost of the
house to $2082.80. At the time this arbitration was
made Terry had paid on the contract price $1554.64,
subsequently he paid at the request of Castle & Her-
ring $400 on the demand of the La Crosse Lumber Com-
pany, which at the time amounted to $673.16, subse-
quently Terry paid on said bill, on the order of Castle
& Herring, the sum of $123.16, which still left the

sum of $140.06 unpaid. By the two payments to the Lumber Company Terry discharged his indebtedness to Castle & Herring for the cost of his house, including the amount found by the arbitrator for the charges extra. This left the $140.06 unpaid on the Lumber Company's bill and some other indebtedness against the building, among which were those of Jack Herring for $52.50, and one to J. W. Cook, neither of which are in issue here.

Herring brought suit to enforce his lien and obtained judgment which Terry paid. The Lumber Company also instituted its suit to enforce a lien against the building as stated in the motion.

The plaintiff stands alone as a witness testifying to the fact that said arrangement was made that Terry would assume to pay the said bill of the Lumber Company in consideration of a difference between them as to what was due from Terry to Castle & Herring, and that the Lumber Company would dismiss its suit. Plaintiff called his partner as a witness who testified that he was not present on such occasion. General Bell testified that he was not present at any such alleged occasion and so did Harris, the attorney for the Lumber Company, and that as its agent and attorney he made no agreement to dismiss said suit.

Defendant's evidence was that he did not enter into any such agreement; that he paid the judgment after it was rendered and had it assigned to himself.

There are some other circumstances in evidence which apparently tend to support respondent. The agent of the Lumber Company stated that before judgment was rendered on its account in the justice court, Terry agreed to pay its claim. Herring, the partner, also stated that Terry, at some time, the date of which he was unable to state, did agree to pay said demand of the Lumber Company, and that the agreement was in settlement of a dispute between the parties as to

the amount of the indebtedness of Terry to the partners Castle & Herring. The justice's docket recites that the case was postponed for trial to the succeeding day at the request of the parties.

The evidence that Terry promised the agent of the Lumber Company that he would pay its demand is not of much, if any, probative force under the circumstances, as Terry would have to pay the bill in any event as it was a lien on his building, and he may have very naturally allowed it to let judgment go, as he could afterwards pay it off, and have it assigned to him, as it appears he actually did.

Herring's statement that at one time Terry agreed to pay the said bill on a settlement of a dispute of the amount due by Terry to himself and Castle is flatly contradicted by the evidence of the arbitration settlement that was made, which was reduced to writing at the time.

The recitation in the justice's record that the case was postponed until the next day at the request of the parties indicates that such postponement was had for some purpose or other. It might be construed as going to show that the parties were negotiating a settlement as Castle alleges. But it is not very conclusive treating it as an independent circumstance. And its force, if any, is very much weakened by reason of the fact that Mr. Harris, the attorney and agent of the Lumber Company, did appear next day and take judgment for his client, which does not seem to us probable if the postponement was made in pursuance of said alleged agreement, or to give time for the parties to negotiate such an agreement. Harris could have had no sufficient motive in taking a judgment against Castle & Herring who were insolvent, if Terry who was solvent had agreed to pay the debt.

On the other hand we have the statement of the architect Bell, Mr. Harris, and Terry and the settle-

ment by arbitration by General Bell of the disputed differences between the parties, all going to show that the agreement testified to by Castle did not take place and that Mr. Castle was mistaken in reference to that matter.

This proceeding, although denominated a motion to quash an execution, is in fact a bill in equity. In such cases it is usual for the appellate court to defer much to the finding of the trial judge, but in a case like this where the preponderance is so overwhelming against the finding of the judge, we feel that it is our duty to hold otherwise. Therefore the judgment is reversed. All concur.